People v Phillips (2019 NY Slip Op 04414)





People v Phillips


2019 NY Slip Op 04414


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-09478
 (Ind. No. 15-00150)

[*1]The People of the State of New York, respondent,
v
David Phillips, appellant.


James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Tina L. Guccione of counsel; Coleen A. Fortes on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered May 11, 2016, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid, as the record fails to establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; People v Jones, 158 AD3d 775; People v Policastro, 142 AD3d 679). Although the defendant signed a written waiver of the right to appeal, the Supreme Court did not ascertain on the record whether the defendant had read the waiver, or whether he was aware of its contents (see People v Rivas, 166 AD3d 1019, 1020; People v Daniels, 160 AD3d 979; People v Brown, 122 AD3d 133, 145). Moreover, "[t]he court's colloquy amounted to nothing more than a simple confirmation that the defendant signed the waiver and a conclusory statement that the defendant understood the waiver" (People v Guniss, 160 AD3d 895, 896; see People v Latham, 162 AD3d 1068, 1070; People v Brown, 122 AD3d at 140). Therefore, the purported waiver does not preclude appellate review of the defendant's contention that the sentence imposed was excessive.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court